**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTORIA MIDDLETON, | : |
| | : No. 20-cv-3756-JMY |
| v. | : |
| | : |
| TRANS UNION, LLC., et al. | : |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                    **August 19, 2021**

**I.      INTRODUCTION:**

Plaintiff, a Pennsylvania resident, brings this action against Defendants for purported violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (Amended Complaint. ¶ 1, ECF No. 15.) Plaintiff alleges that Defendants violated the 15 U.S.C. § 1681n and 15 U.S.C. § 1681o. (*Id.* ¶ 32.) With regards to Sterling Jewelers, Inc., Plaintiff specifically alleges that it violated 15 U.S.C. § 1681s-2(b) when it failed to conduct a reasonable and good faith investigation and failed to correct inaccurate credit reporting information after receiving Plaintiff's dispute notice. (*Id.* ¶ 43.)

Defendants, Sterling Jewelers, Inc. doing business as Jared the Galleria of Jewelry d/b/a Jared's Willow Grove d/b/a Jared the Galleria of Jewelry #2509; and Signet Jewelers, Ltd. doing business as Sterling Jewelers, Inc. (hereinafter referred to as either Sterling Jewelers or Signet Jewelers) filed a joint motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Motion to Dismiss for Lack of Jurisdiction, hereinafter referred to as Motion, ECF No. 20.)

The Court finds the Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum and accompanying Order, the Motion will be denied as it pertains to Sterling Jewelers because Plaintiff has established that

the Court has personal jurisdiction over Sterling Jewelers.  However, the Motion will be granted as it pertains to Signet Jewelers because Plaintiff failed to allege facts or present evidence to establish that the Court has personal jurisdiction over Signet Jewelers.  Plaintiff will be granted leave to file a second amended complaint to plead facts necessary to establish personal jurisdiction over Signet Jewelers.

## II.     FACTS:

Signet Jewelers is a publicly traded company that is incorporated in Bermuda and headquartered in Akron, Ohio.  (Amended Complaint ¶ 7.)  Signet Jewelers owns Defendant, Sterling Jewelers which does business as Jared the Galleria of Jewelry.  (*Id.*)  Jared's Willow Grove is a fictitious name registered in the Commonwealth of Pennsylvania to Jared the Galleria of Jewelry #2509 whose owner is "Sterling."  (*Id.*)  Sterling Jewelers is a Delaware corporation that is headquartered in Ohio.  (*Id.*)

Plaintiff, a Pennsylvania resident, alleges that the Defendant Sterling Jewelers contacted Trans Union and erroneously placed a negative mark on her credit report because of an outstanding balance that she carried on her Jared/Sterling credit card.  (*Id.* ¶¶ 11-15.)  Trans Union is headquartered in Pennsylvania.  (*Id.* ¶ 6.)  Plaintiff alleges that the dispute arose from jewelry that she purchased on credit at Jared located at 2500 West Moreland Road, Willow Grove, Pennsylvania 19090.  (*Id.* ¶¶ 10-11.)  Plaintiff alleges that she paid the balance due on her Jared/Sterling credit card used to make the purchase.  (*Id.* ¶¶ 11-15.)  Plaintiff further alleges that despite the fact that she placed Sterling Jewelers on notice of the fact that she forwarded payment, it failed to correct the erroneously entered negative mark on her credit report.  (*Id.* ¶ 16.)  The Amended Complaint reads:

> Defendant, Sterling, violated its duty under 15 U.S.C. § 1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute

>letter and failing to delete or correct the inaccurate information. After receiving a dispute notice form Trans Union, Defendant Sterling, did not conduct a complete, accurate or reasonable investigation in the disputed issue.

(*Id.* ¶ 43.)

In the Amended Complaint, Plaintiff avers that jurisdiction is proper because, "Defendants are 'furnishers' of information, as defined by 15 U.S.C. § 1681(a) & (b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions." (*Id.* ¶ 7.) She further avers "Upon information and belief, Defendants do continuous and systematic business in this District/Commonwealth and/or this cause of action arose from Defendants' activities within this District/Commonwealth." (*Id.* ¶ 8.)

Sterling Jewelers admits that it owns brick-and-mortar stores located in the Commonwealth of Pennsylvania. (Defs' Reply Brief page 3, ECF No. 26.) In litigation previously filed in the Eastern District, Sterling Jewelers admitted that it owned a store located at 2500 W. Moreland Road, Willow Grove, Pennsylvania 19090. *Mahoney v. Sterling Jewelers, Inc.*, No. 20-cv-0267 (E.D. Pa. 2020) (defendant's answer to the complaint ¶ 16 filed in that action). Sterling Jewelers further admitted that it has entered into contracts and solicited business from residents of Pennsylvania. *Id.* (defendant's answer to the complaint ¶ 12). It also admitted that it maintained a website through which it conducted business with residents of Pennsylvania. *Id.*

### III. LEGAL STANDARD:

The Legal Standard for a Rule12(b)(2) motion to dismiss for lack of personal jurisdiction has been described as follows:

>When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), I must accept the plaintiff's allegations as true

> and resolve disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). However, once a defendant has raised a jurisdictional defense, the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." See *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). If an evidentiary hearing is not held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987).

*Campbell v. Fast Retailing USA, Inc.*, No. 14-cv-6752, 2015 U.S. Dist. LEXIS 170986, *5 (E.D. Pa. Dec. 22, 2015).

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 218 F.3d 446, 456 (3d Cir. 2003). Nonetheless, "once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). "Jurisdictional discovery is 'particularly appropriate where the defendant is a corporation.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009).

In terms of jurisdictional discovery, "Jurisdictional discovery is only appropriate if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state," *inno360, Inc. v. Zakta,*

*LLC*, 50 F. Supp. 3d 587, 596-97 (D. Del. 2014) (citing *Toys "R" Us, Inc., v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)), and if a plaintiff's jurisdictional claim is not "clearly frivolous." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). "[C]ourts in this district have denied jurisdictional discovery where the party that bears the burden of establishing jurisdiction failed to establish a 'threshold prima facie showing' of personal jurisdiction." *Parker v. Learn the Skills Corp.*, No. 05-cv-2752, 2006 U.S. Dist. LEXIS 12468, *11 (E.D. Pa. Mar. 23, 2006).

**IV.    DISCISSION:**

The Defendants Sterling Jewelers and Signet Jewelers argue that the Court located in the Eastern District of Pennsylvania cannot exercise specific personal jurisdiction in this action because there is no direct connection between the wrongful conduct averred in the Complaint and their business activities in the Commonwealth of Pennsylvania.  (Defs' Reply Brief page 3.) They argue that this action arises from alleged credit reporting violations that did not occur in Pennsylvania because their credit reporting operations are controlled from headquarters located in Ohio.  *Id.*  Therefore, under their theory, any contacts that they have with Pennsylvania are unrelated to this litigation.  *Id.*

The Defendants' argument ignores key facts averred by Plaintiff.  For example, she alleges that she purchased jewelry on credit from a Jared store located in Pennsylvania.  She further alleges that Sterling Jewelers owns and operates Jared as a fictitious business entity and that credit was extended by Sterling Jewelers.  In addition, she alleges that Sterling Jewelers contacted Trans Union which is headquartered in Pennsylvania to place a negative mark on her credit report.  In dispensing with Defendants' Motion, the Court will evaluate each Defendant separately in conjunction with the facts as pled in the Amended Complaint, and the evidence

presented by the Plaintiff in her Response in Opposition to Defendants' Motion.  (Response in Opposition, ECF No. 25.)

**A.      Sterling Jewelers, Inc.:**

In regard to Sterling Jewelers, Plaintiff has established that the exercise of specific personal jurisdiction is appropriate under the circumstances.  Therefore, the Court will deny Defendants' Motion as to Sterling Jewelers.  The analysis of whether a forum state has sufficient minimum contacts to exercise specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation."  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  The minimum contacts necessary to create specific jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State."  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  The "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Id.* at 285.  "[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact."  *Id.*  Specific jurisdiction "depends on an 'affiliation between the forum and the underlying controversy[;]' [in many circumstances it will arise from an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011).

A plaintiff must establish three key elements to show that a court has specific personal jurisdiction over a defendant. "First, the defendant must have 'purposefully directed [its]

activities' at the forum." *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King*, 471 U.S. at 472). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Third, "a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476).

### 1. Sterling Jewelers and Purposeful Availment:

Sterling Jewelers has purposefully availed itself of the benefits and privileges of doing business in Pennsylvania. It admittedly operates brick-and-mortar stores in the Commonwealth of Pennsylvania. (Defs' Reply Brief page 3.) The act of operating brick-and-mortar stores alone is sufficient to establish that Sterling Jewelers has purposefully availed itself of the benefits and privileges of doing business within Commonwealth. However, in litigation previously filed in the Eastern District of Pennsylvania, Sterling has also admitted to operating a website through which it solicits business with customers located Pennsylvania. *Mahoney v. Sterling Jewelers, Inc.*, No. 20-cv-0267 (E.D. Pa. 2020) (answer to complaint filed in that action ¶ 12). Sterling Jewelers has also admitted to regularly conducting business with Pennsylvania residents. *Id.* In its answer to the complaint filed in *Mahoney*, Sterling Jewelers pled, "[A]dmit[ted] Defendant solicits business from Pennsylvania residents through its website, conducts business with Pennsylvania residents, and has entered into contracts with Pennsylvania residents." *Id.*

From the prospective of establishing personal jurisdiction, this evidence suggests that Sterling Jewelers intentionally targeted Pennsylvania residents in an attempt to enter into commercial relationships. It further suggests that Sterling Jewelers purposefully availed itself of the benefits and privileges of conducting business in Pennsylvania. *Toys "R" Us,* 318 F.3d at

456 ("If a defendant website operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the "purposeful availment" requirement is satisfied.").

> 2. **Litigation Arises Out of or Relates to Sterling Jewelers' Contact with Pennsylvania**:

It would appear that this ligation relates to Sterling Jewelers' act of conducting business within the Commonwealth of Pennsylvania. Specific personal jurisdiction depends on an "affiliation between the forum and the underlying controversy" and only exists when: (1) the defendant "purposefully directed its activities" at the forum; and (2) the litigation "arises out of or relates to" at least one of the defendant's activities in Pennsylvania. *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. 16-cv-665, 2017 U.S. Dist. LEXIS 114733, *14-16 (E.D. Pa. July 24, 2017). In *Ford Motor Co. v. Mont. Eight Judicial Dist. Court*, 141 S. Ct. 1017, 1026 (March 25, 2021), Justice Kagan writing for the majority on the issue of specific jurisdiction stated:

> None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do. As just noted, our most common formulation of the rule demands that the suit 'arise out of *or relate to* the defendant's contacts with the forum.' *Bristol-Myers*, 582 U.S. at ___, 137 S. Ct. 1773 (quoting *Daimler*, 571 U.S., at 127, 134 S. Ct. 746, 187) . . . The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing. That does not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum.

*Id.*

Plaintiff has alleged that Sterling Jewelers extended credit to her for the purpose of purchasing jewelry at its store located within the Commonwealth of Pennsylvania—Jared located at 2500 West Moreland Road, Willow Grove, Pennsylvania. (Amended Complaint ¶¶ 10-11.) It

then attempted to collect on this outstanding debt by putting a negative mark on her credit report with Trans Union headquartered in Pennsylvania. (*Id.* ¶ 43.) Sterling Jewelers' purported act of extending credit in conjunction with debt collections efforts would appear to be related to their business of selling jewelry in the Commonwealth of Pennsylvania.

       **3.**       **Traditional Notions of Fair Play and Substantial Justice:**

In this instance, the exercise of personal jurisdiction over Sterling Jewelers does not appear to offend traditional notions of fair play and substantial justice. Since *International Shoe*, the rule has been that a court can exercise personal jurisdiction over a defendant if the defendant has "minimum contacts" with the forum—which means that the contacts must be "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

In this case there is nothing about the Court's exercise of personal jurisdiction that could be said to offend traditional notions of fair play and substantial justice. Sterling Jewelers admittedly owns brick-and-mortar stores in Pennsylvania where it presumably employs salespeople. (Reply Brief page 3.) Furthermore, it has admitted to reaching out to Pennsylvania residents to make online sales through its webpage, and has admitted to regularly conducting business in Pennsylvania. *Mahoney v. Sterling Jewelers, Inc.*, No. 20-cv-0267 (E.D. Pa. 2020) (answer to complaint filed in that action ¶ 12). In reference to this specific case, it would appear that Sterling Jewelers extended credit to Plaintiff, who was a Pennsylvania resident, at its store located within the Commonwealth of Pennsylvania—Jared located at 2500 West Moreland Road, Willow Grove, Pennsylvania. It then attempted to collect on this debt by placing a negative mark on Plaintiff's credit report with Trans Union which is headquartered in Pennsylvania.

For these reasons, Defendants' Motion will be denied as to Sterling Jewelers, and the Court will now turn its attention to the Motion as it pertains to Signet Jewelers.

**B.     Signet Jewelers, Inc.:**

Plaintiff has failed to make a threshold prima facie showing that personal jurisdiction exists over Signet Jewelers.  She alleges that Signet Jewelers is incorporated in Bermuda and is headquartered in Akron, Ohio.  Plaintiff avers no facts to establish that Signet Jewelers directly owns or operates brick-and-mortar stores in Pennsylvania let alone the store where Plaintiff purchased jewelry on credit.  Plaintiff further failed to establish that it operates any website or credit operation through which it regularly conducts business with Pennsylvania residents.

Plaintiff avers that Signet Jewelers owns Sterling Jewelers, but this fact alone is insufficient to establish personal jurisdiction.  She fails to aver facts or come forward with evidence to establish that Sterling Jewelers is merely an alter ego of Signet Jewelers.  *Bell v. Fairmont Raffles Hotel Int'l*, No. 12-cv-757, 2013 U.S. Dist. LEXIS 166937, *6-8 (W.D. Pa. Nov. 25, 2013) ("[T]he alter-ego test looks to whether the degree of control exercised by the parent is greater than normally associated with common ownership and directorship and whether the parent controls the day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent."); *Thomas Glob. Grp. L.L.C. v. Watkins*, No. 13-cv-4864, 2016 U.S. Dist. LEXIS 94277, *4-7 (D.N.J. July 19, 2016); *Hunt v. Glob. Incentive & Meeting Mgmt.*, No. 09-cv-4921, 2010 U.S. Dist. LEXIS 98828, *25-26 (D.N.J. Sept. 20, 2010); *Nykcool A.B. v. Pac. Int'l Servs.*, 66 F. Supp. 3d 385, 393 (S.D.N.Y. July 15, 2014) (finding alter ego personal jurisdiction).

Under these circumstances, Plaintiff has failed to plead facts or come forward with evidence to establish that jurisdictional discovery is warranted in relationship to Signet Jewelers.

Plaintiff has equally failed to establish that the Court's exercise of personal jurisdiction would be appropriate under the circumstances.

## V.   CONCLUSION:

Defendants' Motion will be denied as to Sterling Jewelers and granted as to Signet Jewelers. Plaintiff will be granted leave to file a second amended complaint to allege personal jurisdiction against Signet Jewelers. An appropriate order will be entered.

BY THE COURT:

　/s/ John Milton Younge　
Judge John Milton Younge